IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD C. DYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3527-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Claimant Richard C. Dyer seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. He claims he became disabled beginning on July 5, 2002. The parties' briefs were fully submitted, and on August 15, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

       The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

       If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

       When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

       Richard Dyer was born in 1977 and has an eighth grade education.  While in school he attended some classes for the learning disabled.  He claims to have a limited ability to read and write.  Prior to his alleged onset date of July 5, 2002, he worked for slightly more than four years as a preparation cook.  He alleges disability due to "mild to severe anxiety/panic attacks; limited reading and writing skills; [and] learning disabilities."  (Tr. 54.)

       After considering the evidence, the Administrative Law Judge (ALJ) found claimant's musculoskeletal pain to be severe and his anxiety-related disorder to be nonsevere within the meaning of the regulations.  The ALJ determined Dyer had the residual functional capacity to

perform a full range of light exertional work and that there were a significant number of unskilled light and sedentary jobs in the national economy that he could do.

Dyer challenges that decision on the basis of his mental impairments. He claims the ALJ erred by not applying the proper factors and not finding claimant's anxiety-related disorder to be severe. He seeks reversal for an award of benefits or reversal and a remand for objective testing with regard to his psychological impairments.

The medical records show that in April 2002 and August 2003, Dyer was diagnosed with an anxiety disorder and/or seen in the emergency room for symptoms associated with anxiety. For a period of time in 2003 and 2004, he was prescribed Celexa and participated in counseling for his reports of panic attacks. In 2004 and 2005, he was evaluated, treated and counseled for his anxiety disorder or panic attacks. After considering those records, the ALJ concluded there was "no evidence of clearly severe, disabling limitations which are ongoing." (TR 15.) The ALJ found claimant had only a mild degree of limitations with respect to difficulties in his (1) activities of daily living, (2) maintaining social functioning, and (3) maintaining concentration, persistence or pace. Further, the ALJ found claimant had no limitation with respect to repeated episodes of decompensation, each of extended duration.

The ALJ noted that some of Dyer's symptoms followed his use of illegal substances. He summarized in some detail the results of several evaluations and ultimately determined claimant had a mental impairment that was not severe under the regulations. Contrary to claimant's assertion, the ALJ did not ignore the evidence of mental impairments and did not improperly discount them.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

When reviewing the evidence as a whole, plaintiff's mental health treatment documents an anxiety disorder, but does not set forth facts or treatment suggesting that the disorder was severe and had a significant impact on his activities of daily living. At times, the notes suggest

3

some of his symptoms were related to his lack of work or to temporary situational stresses such as problems in a relationship or a family illness. Inpatient treatment was not suggested, counseling appointments were often weeks apart, and there were no notes indicating the medications were not working or plaintiff was significantly impaired by depression.

Dyer was able to work for approximately four years with his limited reading and writing abilities and there was nothing in the record to indicate his purported learning disability would preclude him from performing a significant number of unskilled light or sedentary jobs.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds the ALJ properly considered the evidence and there is substantial evidence to support the ALJ's decision to discount plaintiff's testimony regarding the severity of his limitations.

For these reasons and those set forth in more detail in the Commissioner's brief and at oral argument, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 22nd day of August, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge